UNITED STATES of America

v.

AMREP CORPORATION et al., Defendants.

No. S.76 Cr. 644 (CMM).

United States District Court, S. D. New York.

Oct. 21, 1976.

METZNER, District Judge:

This indictment contains eighty counts, seventy of which charge violation of the mail fraud statute (18 U.S.C. § 1341) and ten charge violation of the Interstate Land Sales Act (15 U.S.C. § 1703). The mail fraud statute provides a maximum punishment of five years' imprisonment and a $1,000 fine. The Interstate Land Sales Act provides a maximum punishment of five years' imprisonment and a $5,000 fine (15 U.S.C. § 1717).

The defendants were arraigned on November 10, 1975, and at a pretrial conference held on November 18, 1975, the court inquired as to why it was necessary to have an eighty-count indictment in this case. The government's response made some reference to the fact that insofar as the corporate defendants were concerned, the fine on the mail fraud statute is only $1,000.

If an individual defendant were to be convicted on all eighty counts, and the court imposed the maximum prison term allowable with consecutive sentences, that defendant would have to spend 400 years in jail. Even if the seventy mail fraud counts are reduced to twenty, an individual convicted on all twenty counts plus ten interstate land fraud counts would face a possible 150 years in jail. The reduction of the mail fraud counts from seventy to twenty cannot impair the government's right to seek what may be, in its opinion, adequate punishment for an individual defendant.

We turn now to the three corporations. If they are convicted, the court may only impose fines for their transgressions. A corporation convicted on all eighty counts faces a maximum fine of $70,000 on the seventy mail fraud counts and $50,000 on the ten interstate land fraud counts, totalling $120,000. If the number of mail fraud counts is reduced to twenty and a corporation is convicted on the remaining thirty counts, it would face the possible imposition of $70,000 in fines. This loss to the government of a possible $50,000 in fines is de minimis in this case in which the government alleges that the corporations defraud-

ed purchasers of land to the tune of $200,-000,000. Looking at the array of experienced and, I am sure, expensive counsel retained by the various defendants in this case, and the work they have been doing, the monthly billing must be approaching $50,000. They have been concerned in preparing for trial with over 100,000 pages of documents subpoenaed by the grand jury and a projected trial witness list submitted by the government of over 300 names. The length of the indictment brought forth demands for bills of particulars involving over 700 items. Numerous other pretrial motions have been presented for determination.

It appears to the court that if the government cannot convict the defendants on twenty out of seventy mail fraud counts, it could not convict the defendants on the other fifty counts. Once the existence of a scheme has been proven, the extent of its damage is immaterial. In addition, ten counts based on the Interstate Land Sales Act would still be pending. A reduction in the number of mail fraud counts will make the case more manageable and understandable to the court and jury. It will reduce the length of the trial and the cost to the government.

At the November 1975 conference, the government stated that an eighty-count indictment did not mean that the government intends or expects to call all eighty people who are named in the indictment. I gather this statement should be seventy people since that is the number of mail fraud counts. The Assistant United States Attorney stated: "My own expectation is that I would not call the 80 people that are the 80 counts in that indictment." However, in the "will call" list of witnesses supplied by the government, consisting of some 272 names, the government has listed the seventy persons named in the mail fraud counts. In view of the number of other witnesses being called to prove this scheme, I fail to see how a reduction in the number of mail fraud counts from seventy to twenty, with a consequent reduction in the number of witnesses, would adversely affect the government's presentation of its proof. I must add that as a result of the pretrial conference to be held today, the witness list might well be further reduced.

Consequently, the government will be given until noon on Friday, October 22, 1976, to notify the court which of the fifty mail fraud counts the court should dismiss under this determination. Failure by the government to notify the court of its choice of counts to be dismissed will result in the court dismissing counts 21 through 70.

So ordered.